STATE OF NORTH CAROLINA v. JAMES WILLIE BETHEA

No. 8326SC1153

(Filed 6 November 1984)

1. Criminal Law § 163— necessity for objection to charge

No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds for his objection. App. Rule 10(b)(2).

2. Assault and Battery § 11.3— assault on law officer—allegation of performance of duties

An indictment for the felony offense of assault with a firearm on a law enforcement officer performing a duty of his office in violation of G.S. 14-34.2 need not allege the particular duty the officer was performing at the time of the assault but must allege only that the officer was performing a duty of his office at such time.

3. Criminal Law § 138— assault on law officer—aggravating factor—purpose of preventing lawful arrest

In imposing a sentence upon defendant for assault with a firearm on a law officer performing a duty of his office, the evidence supported the trial court's finding as a factor in aggravation that the offense was committed for the purpose of preventing a lawful arrest.

4. Criminal Law § 138— aggravating factor—use of weapon normally hazardous to multiple lives

In imposing a sentence upon defendant for assault with a firearm on a law officer performing a duty of his office, evidence that defendant used a .30-.30 lever action rifle did not support a finding as an aggravating factor that defendant employed a weapon normally hazardous to the lives of more than one person. G.S. 15A-1340.4(a)(1)(g).

5. Criminal Law § 138— mental condition of defendant—failure to find as mitigating factor

The trial court did not err in refusing to find as a mitigating factor that defendant's mental condition significantly reduced his culpability for the offense.

APPEAL by defendant from *McConnell, Judge*. Judgment entered 21 March 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 28 August 1984.

This is a criminal case in which the defendant was indicted, tried and convicted of felonious assault with a firearm on a law enforcement officer performing a duty of his office. From a verdict of guilty, the defendant appeals, based on the trial court's charge to the jury, the alleged insufficiency of the indictment and the erroneous imposition of a sentence in excess of the presumptive term.

Just prior to 9:00 a.m. on 20 August 1982, defendant was observed sitting on a bench in the courtyard of the Mecklenburg County Courthouse. Defendant had in his possession a .30-.30 lever action rifle. His presence drew the attention of several persons including a Mecklenburg County Sheriff's Deputy who reported defendant to his supervisor. The supervisor ordered the deputy to investigate defendant. The deputy approached defendant.

In the course of the events that followed, defendant allegedly shot at the deputy with his rifle and the deputy returned fire with his service revolver, wounding defendant. Both defendant and the deputy testified at the trial but their testimony was in conflict as to the nature and sequence of events. The deputy testified that he was attempting to arrest defendant. Defendant testified that there was no arrest attempt, that the deputy fired first and that defendant's rifle fired accidentally after defendant had been wounded by the deputy.

*Attorney General Edmisten, by Assistant Attorney General Richard L. Kucharski, for the State.*

*Appellate Defender Stein, by James R. Glover, Director, Appellate Defender Clinic, University of North Carolina School of Law, for the defendant.*

EAGLES, Judge.

I

Defendant first argues on appeal that the trial court's charge to the jury misstated the law, contained expressions of opinion

and was so disorganized and confusing that the defendant should be granted a new trial. We disagree.

We note at the outset that the learned trial judge did not follow the North Carolina Pattern Jury Instructions, substituting his own instructions instead. While the instructions to the jury, taken as a whole, correctly conveyed the essence of the case to the jury, the preferred method is the approved guidelines of the North Carolina Pattern Jury Instructions.

[1] No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds for his objection. Rule 10(b)(2), Rules of Appellate Procedure. The record indicates that the only objection made was a "broadside challenge" to the charge as a whole at its conclusion. Having failed to make a proper objection to the charge, this issue is not properly before us. However, we have independently examined the record and find that the jury charge, taken as a whole, is correct and presents the law fairly and clearly to the jury. Technical errors and slight misstatements will not mandate a new trial. *State v. Corbett*, 309 N.C. 382, 307 S.E. 2d 139 (1983).

Our examination of the record reveals that the trial court misspoke the distinction between assault with a firearm on a law enforcement officer performing a duty of his office and the lesser offense of assault with a deadly weapon. The trial court made the complained of mistake on two occasions. However, the trial court correctly set out the elements on six other occasions in the charge.

Defendant argues that the trial court, in setting forth the State's evidence, failed to preface the narrations a sufficient number of times with cautionary words informing the jury that the court was merely recapitulating the evidence offered by the State as opposed to setting forth an opinion as to what the evidence shows. Our reading of the record discloses that there were more than adequate cautionary instructions to the jury. For these reasons, we find no error.

## II

[2]   Defendant next argues that the allegations in the indictment were not sufficiently specific to permit entry of judgment for the felony offense of assault with a firearm on a law enforcement officer performing a duty of his office. We disagree.

The indictment upon which this conviction is based charged that the defendant did:

> Unlawfully, willfully and feloniously assault James C. Cameron, a law enforcement officer of the Mecklenburg County Sheriff's Department, with a rifle, which is a firearm, by shooting at him with the rifle. At the time of the assault, that officer was performing a duty of his office.

Defendant contends that the indictment must specify the particular duty the officer was performing at the time of the assault. We hold that it is not necessary to allege the particular duty, only that the law enforcement officer was performing a duty of his office at the time the assault occurred.

While we have not previously addressed this narrow issue in regard to G.S. 14-34.2, the charge for which defendant was indicted and convicted, it has been addressed with regard to G.S. 14-33(b)(4) which makes it a misdemeanor offense to assault a law enforcement officer while he is discharging or attempting to discharge a duty of his office. In *State v. Waller*, 37 N.C. App. 133, 245 S.E. 2d 808 (1978) we held that:

> [A]n assault upon an officer while he is discharging or attempting to discharge a duty of his office is an offense punishable under G.S. 14-33(b)(4), regardless of its effects or intended effects upon the officer's performance of his duties. The particular duty the officer was performing when assaulted is not of primary importance, it only being essential that the officer was performing or attempting to perform *any* duty of his office. [Citations omitted.]

We find no compelling reason to insist that an indictment charging the felony offense of assault with a firearm on a law enforcement officer performing a duty of his office should require more, as to the particular duty being performed, than that required to charge a violation in a warrant of G.S. 14-33(b)(4). The

indictment was sufficient in that it charged, at the time of the assault, that the officer was performing a duty of his office.

## III

Defendant next argues that the trial court erred by imposing a sentence in excess of the presumptive term based on improperly found aggravating factors and the absence of mitigating factors which were proven by the evidence. We agree that the trial court erred in finding as an aggravating factor that the defendant employed a weapon normally hazardous to the lives of more than one person.

[3]  As to the aggravating factor that the offense was for the purpose of preventing a lawful arrest, we find no error. While the offense charged does not require that the officer actually be in the process of arresting the defendant in order to be "performing a duty of his office," there was evidence tendered at trial from which the trial judge could find as an aggravating factor that the offense was committed for the purpose of preventing a lawful arrest. The lawfulness of the arrest was not at issue in the guilt determination phase of the trial and was not challenged by the defendant at the sentencing phase.

The law enforcement officer testified at trial that he was going to arrest the defendant for the common law offense of going armed to the terror of the public. In order for the *arrest* to be lawful, the officer must believe the defendant has committed a criminal offense in his presence. G.S. 15A-401(b)(1). This requirement was clearly met here.

[4]  As to the aggravating factor that the defendant employed a weapon *normally* hazardous to the lives of more than one person, we find error. The legislature intended this aggravating factor to be limited to those weapons or devices which are indiscriminate in their hazardous power. Automatic weapons such as machine guns or bombs would fit that description. These weapons are *normally* hazardous to the lives of more than one person. A rifle, while it may *sometimes* be dangerous to the lives of more than one person, is not so *normally*.

While we do not minimize the danger that a loaded rifle presents to the public, especially in a setting such as a metropolitan

area courthouse square, we do not feel that a .30-.30 lever action rifle was a weapon contemplated by the legislature in G.S. 15A-1340.4(a)(1)(g).

We also note that evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation. G.S. 15A-1340.4(a)(1). Here, in order to prove the offense charged, it was necessary for the State to tender proof that the defendant used the .30-.30 lever action rifle in the assault. Thus, it was improper to base a finding of an aggravating factor as evidence necessary to prove an element of the offense. See, *State v. Massey*, 62 N.C. App. 66, 302 S.E. 2d 262, *modified and aff'd*, 309 N.C. 625, 308 S.E. 2d 332 (1983).

[5]  As to the failure of the trial court to find any mitigating factors, we find no error.

The trial court considered a psychiatric report from Dr. Bob Rollins of Dorothea Dix Hospital. Dr. Rollins' report clearly indicates that defendant, though suffering from a mixed personality disorder and functioning in the dull-normal range of intellectual ability, nevertheless had an understanding of his legal situation and was capable of proceeding to trial.

While we acknowledge that capability of proceeding to trial and culpability for the crime charged are two separate issues, the trial court, acting as finder of fact, considered the evidence and refused to find that defendant's mental condition significantly reduced his culpability for the offense. Based on the record before us, we cannot say that the trial court erred in this respect.

For finding as an aggravating factor that the defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person, we must remand for resentencing. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983). In the trial of this case, there is no error.

Remanded for resentencing.

Judges ARNOLD and WHICHARD concur.