STATE OF NORTH CAROLINA v. FREEMAN CARVER

No. 544A86

(Filed 2 June 1987)

1. **Criminal Law § 138.22— aggravating factor—use of weapon normally hazardous to more than one life—sufficient evidence**

   The trial court properly found as an aggravating factor for second degree murder that defendant knowingly created a great risk of death to more than one person by means of a weapon which would normally be hazardous to the lives of more than one person where the evidence showed that defendant fired multiple shots into a crowd of people with a semi-automatic rifle which would fire eight bullets without being reloaded. N.C.G.S. § 15A-1340.4(a)(1)g.

2. **Criminal Law § 138.42— mitigating factor—use of only necessary force—insufficient evidence**

   The evidence did not support the trial court's finding as a mitigating factor for second degree murder that defendant was engaged in an affray and used only such force as was necessary where there was no evidence that anyone was firing at defendant when he fired indiscriminately into a crowd, and defendant could not have believed that it was necessary to fire a rifle as he did in order to defend himself.

3. **Criminal Law § 138.14— weighing of aggravating and mitigating factors—no abuse of discretion**

   The trial court acted within its discretion in finding that two aggravating factors outweighed the two statutory and two non-statutory mitigating factors properly found by the court.

APPEAL by defendant pursuant to N.C.G.S. § 15A-1444(a1) and N.C.R. App. P. 4(d) from a judgment of imprisonment for life imposed by *Allen (C. Walter), Judge,* at the 7 April 1986 Session of Superior Court, GRAHAM County. The defendant originally appealed to the Court of Appeals and the case was transferred to this Court. Heard in the Supreme Court 14 April 1987.

The defendant pled guilty to second degree murder. The evidence at the sentencing hearing showed that the defendant attended a "cookout" in the Mill Creek area of Graham County with two friends Mike Roberts and Robert Crisp. The defendant had been drinking the entire day and when he was at the cookout he continued to consume alcoholic beverages. Defendant's friend Mike Roberts was asked to leave the party by one Comer Crisp. Roberts refused this request and a fight began between Roberts and Crisp. These two men were separated and a second fight began between Comer Crisp and defendant's friend Robert Crisp. The defendant did not participate in either of these two altercations.

As the fighting continued another guest at the party fired a .22 caliber rifle into the air, presumably to break up the altercation. The defendant, who had climbed into Roberts' truck in preparation for their departure, took a .308M-1 rifle from the cab of the truck, and being intoxicated and in fear of being fired upon, left the truck and began firing into the crowd. One of these shots killed Ned Nichols. The rifle used by the defendant was a semi-automatic which would fire eight bullets without being reloaded.

The court found two aggravating factors: (1) that the defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person, and (2) the defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement. The court found two statutory mitigating factors, that (1) at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer, and (2) the defendant has been honorably discharged from the United States armed services. The court also found three non-statutory mitigating factors which were (1) the defendant was impaired by the consumption of alcohol at the time of the crime,

which is insufficient to constitute a defense but did reduce his culpability, (2) the defendant and others were involved in an affray at the time and the defendant used such force as he reasonably believed was necessary, and (3) the defendant expressed remorse over the death of the victim and pleaded guilty. The court found the aggravating factors outweighed the mitigating factors and sentenced the defendant to life in prison.

*Lacy H. Thornburg, Attorney General, by James Wallace, Jr., Assistant Attorney General, and Jeffrey P. Gray, Associate Attorney General, for the State.*

*James L. Blomeley, Jr. and Joseph B. Roberts, III, for defendant appellant.*

WEBB, Justice.

[1] The appellant first assigns error to the finding of the aggravating factor that the "defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person." N.C.G.S. § 15A-1340.4(a)(1)g. This aggravating factor has been dealt with in three cases. *State v. Moose*, 310 N.C. 482, 313 S.E. 2d 507 (1984); *State v. Jones*, 83 N.C. App. 593, 351 S.E. 2d 122 (1986); and *State v. Bethea*, 71 N.C. App. 125, 321 S.E. 2d 520 (1984). *Moose* dealt with the aggravating factor involved in imposing the death sentence. N.C.G.S. § 15A-2000(e)(10). The language of the two sections is identical and we believe the interpretation of *Moose* is applicable to this case. Justice Meyer, writing in *Moose*, said that in interpreting this section the focus is on two considerations: (1) a great risk of death knowingly created, and (2) whether the weapon in its normal use is hazardous to the lives of more than one person. In *Moose* it was held that the aggravating factor could be found when the evidence showed the defendant had fired a shotgun into an automobile occupied by two people.

In this case we believe it is evident that a great risk of death is created to more than one person when a .308M-1 rifle is fired several times into a crowd of several persons. Any reasonable person should know this and we can conclude the defendant created this risk knowingly. A semi-automatic rifle may be used normally to fire several bullets, in this case eight, in rapid succes-

sion. Several bullets fired in rapid succession are hazardous to the lives of more than one person; therefore we hold that the evidence in this case supports a finding of the aggravating factor that the defendant knowingly created a great risk of death to more than one person by means of a weapon which would normally be hazardous to the lives of more than one person.

In *Bethea* the defendant fired one shot from a bolt action rifle which wounded a deputy sheriff. In *Jones* the defendant shot the victim three separate times with a pistol. The Court of Appeals held it was error to find the aggravating factor in each case. We do not believe that our decision in this case is inconsistent with *Bethea* or *Jones*. If the defendant in this case had fired only one shot, as in *Bethea,* or had fired at one person three times, as in *Jones*, we might have a different result because it would be difficult to find the defendant knowingly created a great risk of death to more than one person. The use of the weapons in those two cases distinguishes *Bethea* and *Jones* from this case. The defendant's first assignment of error is overruled.

[2, 3] The defendant next assigns error to the court's determination that the aggravating factors outweighed the mitigating factors and its imposition of a sentence in excess of the presumptive sentence. He contends that the qualitative value of the factors was not properly weighed. He argues specifically that the court found two mitigating factors, that he was impaired by alcohol to such an extent that although it did not constitute a defense it did reduce his culpability, and that he was engaged in an affray and used only such force as he reasonably believed necessary. He says that these two factors found by the court raise a question as to whether the court should have accepted his plea of guilty to second degree murder. He contends that at the very least we should conclude that excessive weight was given to the aggravating factors and insufficient weight to the mitigating factors.

As to the mitigating factors found by the court, the defendant was engaged in an affray and used only such force as he reasonably believed necessary, there is not sufficient evidence to support such a finding. There is no evidence that anyone was firing at the defendant when he fired indiscriminately into the crowd. The defendant could not have reasonably believed it was necessary to fire the rifle as he did in order to defend himself. It

was error favorable to the defendant for the court to make this finding. The court acted within its discretion in determining that the two aggravating factors outweighed the mitigating factors that were properly found. *See State v. Penley*, 318 N.C. 30, 347 S.E. 2d 783 (1986); *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983); and *State v. Davis*, 58 N.C. App. 330, 293 S.E. 2d 658, *disc. rev. denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982).

The judgment of the superior court is

Affirmed.