STATE OF NORTH CAROLINA v. WAYNE B. ANTOINE

No. 934SC1320

(Filed 3 January 1995)

**Criminal Law § 1098 (NCI4th)— aggravating factor—same evidence as for conviction—finding of aggravating factor error**

The trial court erred in finding as an aggravating factor for an armed robbery that defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person where the evidence showed that defendant used a semiautomatic pistol to rob three persons and threatened to shoot a fourteen-year-old child if anything went wrong since this factor was based upon the same evidence used to prove an element of armed robbery. N.C.G.S. § 15A-1340.4(a)(1)g.

**Am Jur 2d, Criminal Law §§ 598, 599.**

Appeal by defendant from judgment entered 19 August 1993 by Judge James R. Strickland in Onslow County Superior Court. Heard in the Court of Appeals 18 October 1994.

*Attorney General Michael F. Easley, by Assistant Attorney General Sue Y. Little, for the State.*

*Collins and Moore, By James L. Moore, Jr., for defendant-appellant.*

THOMPSON, Judge.

The issue in this case is whether the trial court erred in finding as an aggravating factor that "the defendant knowingly created a great risk of death to more than one person by means of a weapon or

device which would normally be hazardous to the lives of more than one person." We find that the trial court erred in applying this factor.

On or about 18 April 1993 the defendant entered a Circle-K convenience store located on Western Boulevard in Jacksonville, North Carolina. The defendant took several items of merchandise to the cash register, pulled out a semi-automatic handgun and ordered the clerk to give him the money from the register. The clerk and another employee, Linda Wagnum, got down on the floor of the store, along with a customer and Ms. Wagnum's fourteen-year-old son. Defendant placed the gun behind the head of the boy and said he would blow the boy's head off if anything went wrong. Ms. Wagnum handed the defendant money from the register. Defendant then took money from her purse and, after pointing the gun toward the customer who was lying on the floor, took the customer's money also. The defendant pointed the handgun at each of the individuals present in the store; however, the defendant did not discharge the weapon during the course of the robbery.

While the gun used in the robbery was never recovered, the evidence revealed that the defendant robbed a Jim Dandy store earlier that night and used a "semi-automatic like handgun." The evidence also revealed that defendant robbed another Circle-K, subsequent to his robbery of the Circle-K on Western Boulevard, and used a ".45 caliber pistol."

Defendant was indicted on three counts of robbery with a dangerous weapon. He entered a plea of guilty to all three counts at the 16 August 1993 Criminal Session of Onslow County Superior Court. The Honorable James R. Strickland, Jr. imposed the mandatory minimum sentence of 14 years in two of the robbery cases, and, after finding statutory aggravating factor number seven as set out on AOC-Form CR-303 under N.C. Gen. Stat. § 15A-1340.4(a)(1)g, imposed a sentence of 35 years in the third robbery case. Defendant made a motion before the superior court session ended that the sentence therein be modified and the motion was denied. Defendant appeals.

On appeal the defendant contends that the trial court erred in finding as an aggravating factor that "the defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person."

STATE v. ANTOINE

[117 N.C. App. 549 (1995)]

The statute in question is N.C. Gen. Stat. § 15A-1340.4(a)(1)g (repealed effective 1 October 1994; reenacted as N.C. Gen. Stat. § 15A-1340.16(d)(8) effective 1 October 1994). The North Carolina Supreme Court has stated that to impose this aggravating factor, the sentencing judge must focus on two considerations: (1) Whether the weapon in its normal use is hazardous to the lives of more than one person; and (2) Whether a great risk of death was knowingly created. *State v. Rose*, 327 N.C. 599, 605, 398 S.E.2d 314, 317 (1990); *State v. Carver*, 319 N.C. 665, 667, 356 S.E.2d 349, 351 (1987).

The defendant argues that the nature of the semi-automatic pistol, and the manner in which he used it, precluded the trial court from applying the aggravating factor. As support, the defendant relies on *State v. Jones*, 83 N.C. App. 593, 351 S.E.2d 122 (1986), *disc. review denied*, 319 N.C. 461, 356 S.E.2d 9 (1987) (.38 handgun fired at one person three times not normally hazardous to the lives of more than one person), and *State v. Bethea*, 71 N.C. App. 125, 321 S.E.2d 520 (1984) (30/30 lever action rifle fired once not normally hazardous to the lives of more than one person).

In *State v. Carver*, 319 N.C. 665, 356 S.E.2d 349 (1987), the North Carolina Supreme Court held that the trial court had not erred in finding this aggravating factor where the evidence showed that defendant fired multiple shots into a crowd of people with a semi-automatic rifle. The semi-automatic rifle was capable of firing eight bullets without being reloaded. In *Carver*, the Supreme Court stated:

A semi-automatic rifle may be used normally to fire several bullets, in this case eight, in rapid succession. Several bullets fired in rapid succession are hazardous to the lives of more than one person; therefore, we hold that the evidence in this case supports a finding of the aggravating factor that the defendant knowingly created a great risk of death to more than one person by means of a weapon which would normally be hazardous to the lives of more than one person.

*Carver*, 319 N.C. at 667-668, 356 S.E.2d at 351.

As was the case in *Carver* with a semi-automatic rifle, we find that a semi-automatic pistol in its normal use is hazardous to the lives of more than one person and is the type of weapon contemplated by N.C. Gen. Stat. § 15A-1340.4(a)(1)g. The issue then becomes whether defendant used the weapon in such a way as to create a great risk of

death to more than one person. We do not believe that this issue needs to be addressed in the case *sub judice.*

This appeal can be resolved by noting that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation[.]" N.C. Gen. Stat. § 15A-1340.4(a)(1). Therefore, the trial court cannot apply this aggravating factor as to the three people who were robbed because the evidence used to prove the elements of armed robbery is the same evidence supporting the court's finding of a factor in aggravation. As to the fourteen-year-old child, the defendant's threat was used to perpetrate the robbery. Because this evidence was used to prove an element of the crime of armed robbery, it cannot also be used as a factor in aggravation. Therefore, it was error for the trial court to treat the defendant's ill-contrived acts as an aggravating factor in sentencing him under N.C. Gen. Stat. § 15A-1340.4(a)(1)g. We remand for new sentencing.

Reversed and remanded.

Judges JOHNSON and MARTIN concur.

This opinion was written and concurred in prior to December 29, 1994.