STATE OF NORTH CAROLINA v. CHARLIE ANDERSON McBRIDE, JR., Defendant

No. 9419SC456

(Filed 21 March 1995)

**Criminal Law § 1149 (NCI4th)— knowingly creating risk to more than one person with device normally hazardous to more than one person—drunk driver—fatal accident—finding of aggravating factor proper**

> The trial court did not err in finding as an aggravating factor for second-degree murder and impaired driving that defendant knowingly created a great risk of death to more than one person by means of a device which would normally be hazardous to the lives of more than one person, since an automobile driven by an intoxicated driver is a device which in its normal use is hazardous to the lives of more than one person, and defendant's prior convictions for driving while impaired and his reckless operation of his automobile on the night in question, together with his factual misrepresentations, supported the conclusion that defendant knowingly created this risk. N.C.G.S. § 15A-1340.16(d)(8).

> **Am Jur 2d, Criminal Law §§ 598, 599.**

> **Homicide by automobile as murder. 21 ALR3d 116.**

> **What constitutes "imminently dangerous" act within homicide statute. 67 ALR3d 900, sec. 1.**

> **Alcohol-related vehicular homicide: nature and elements of offense. 64 ALR4th 166.**

Appeal by defendant from judgment entered 27 September 1993 by Judge James M. Webb in Rowan County Superior Court. Heard in the Court of Appeals 31 January 1995.

*Attorney General Michael F. Easley, by Associate Attorney General John A. Greenlee, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Charles L. Alston, Jr., for defendant-appellant.*

STATE v. McBRIDE

[118 N.C. App. 316 (1995)]

MARTIN, MARK D., Judge.

The question presented by this appeal is whether the trial court erred by finding as a factor in aggravation of punishment under the Fair Sentencing Act that defendant knowingly created a great risk of death to more than one person by means of a device which would normally be hazardous to the lives of more than one person. We find no error.

On the night of 28 December 1989 defendant was involved in a motor vehicle collision. After weaving in and out of his lane of travel and into the oncoming lane of traffic, defendant crossed over into the oncoming lane of traffic and struck an automobile containing three passengers. One of the passengers died as a result of the collision and the other two passengers were seriously injured.

Defendant was legally intoxicated at the time of the collision. A blood alcohol test revealed defendant had an alcohol concentration of .183 grams of alcohol per 100 milliliters of blood.

Immediately after the collision, witnesses noticed defendant exit the driver's side of his vehicle. He had a strong odor of alcohol about him and slurred speech. When questioned by police, defendant denied having operated the automobile and stated the driver had run away after the collision.

The evidence at trial indicated that on the night of the collision defendant was driving while his license was permanently revoked. The evidence also revealed defendant had lied about the ownership of his automobile to obtain an inspection sticker and had placed illegal license tags on the car. Defendant's prior record included convictions for driving while impaired in 1981 and 1982, and driving while license revoked in 1982, 1984, and 1986.

On 26 February 1990 defendant was indicted for second degree murder and driving while impaired. On 3 May 1991 the jury convicted defendant of second degree murder and driving while impaired. Defendant appealed to the North Carolina Court of Appeals, and this case was subsequently remanded to the Superior Court of Rowan County for resentencing. *State v. McBride*, 109 N.C. App 64, 425 S.E.2d 731 (1993). On 27 September 1993 Judge James M. Webb conducted the resentencing hearing in Rowan County Superior Court and sentenced defendant to twenty-five years imprisonment.

On appeal defendant contends the trial court erred by finding, as a factor in aggravation of punishment, the automobile constituted a weapon or device knowingly used by defendant which created a great risk of death to more than one person.

The challenged aggravating factor is codified at North Carolina General Statutes § 15A-1340.4(a)(1)g (repealed effective 1 October 1994; re-enacted as N.C. Gen. Stat. § 15A-1340.16(d)(8) effective 1 October 1994). The North Carolina Supreme Court has indicated that to impose this aggravating factor, the trial court must focus on two considerations: (1) whether the weapon or device in its normal use is hazardous to the lives of more than one person; and (2) whether a great risk of death was knowingly created. *State v. Rose*, 327 N.C. 599, 605, 398 S.E.2d 314, 317 (1990); *State v. Carver*, 319 N.C. 665, 667, 356 S.E.2d 349, 351 (1987); *State v. Antoine*, 117 N.C. App. 549, ——, 451 S.E.2d 368, 370 (1995).

Defendant contends the automobile he was driving does not qualify as a weapon or device which in its normal use is hazardous to the lives of more than one person. We disagree.

To qualify as a weapon or device which in its normal use is hazardous to the lives of more than one person, the instrumentality must be one which is "indiscriminate in [its] hazardous power." *State v. Bethea*, 71 N.C. App. 125, 129, 321 S.E.2d 520, 523 (1984). The focus of the inquiry is therefore upon "the destructive capabilities of the weapon or device," *State v. Moose*, 310 N.C. 482, 497, 313 S.E.2d 507, 517 (1984), and the circumstances of its use. *See State v. Carver*, 319 N.C. 665, 668, 356 S.E.2d 349, 351 (1987) (use of weapon or device determines degree of danger to lives).

In *State v. Garcia-Lorenzo*, 110 N.C. App. 319, 430 S.E.2d 290 (1993), this Court addressed whether the trial court erred by applying N.C. Gen. Stat. § 15A-1340.4(a)(1)g within the context of the operation of an automobile by a legally intoxicated driver. In *Garcia-Lorenzo* a police officer noticed defendant was having a difficult time maintaining proper control over his vehicle. The police officer followed the vehicle and observed defendant drive on the wrong side of the road. Defendant was travelling 60-70 m.p.h in a 25 m.p.h. zone. Defendant struck two pedestrians. One of the pedestrians later died as a result of the injuries sustained in the collision. Defendant was legally intoxicated at the time of the collision. A blood alcohol test

revealed an alcohol concentration of .1456 grams of alcohol per 100 milliliters of blood. *Garcia-Lorenzo,* 110 N.C. App. at 322-324, 430 S.E.2d at 291-293.

On appeal defendant in *Garcia-Lorenzo* contended the trial court erred in applying N.C. Gen. Stat. § 15A-1340.4(a)(1)g because it constituted an element of the offense for which defendant was convicted, and contrary to N.C. Gen. Stat. § 15A-1340.4, allowed evidence necessary to prove an element of the offense to be used to prove a factor in aggravation. *Id.* at 335, 430 S.E.2d at 299. This Court concluded the trial court did not err in finding as a factor in aggravation of punishment that the automobile constituted a device knowingly used by defendant which created a great risk of death to more than one person. *Id.*

Although defendant in *Garcia-Lorenzo* did not challenge the application of N.C. Gen. Stat. § 15A-1340.4(a)(1)g on the same ground asserted by defendant in the present case, the *Garcia-Lorenzo* Court nevertheless approved the use of the challenged aggravating factor within the context of motor vehicle collisions caused by legally intoxicated drivers. Like *Garcia-Lorenzo,* defendant here operated his automobile while legally intoxicated. His blood alcohol concentration was .183 grams of alcohol per 100 milliliters of blood. Defendant drove his automobile recklessly, crossing over into the oncoming lane of traffic and striking an automobile containing three passengers. One of the passengers died as a result of the collision and the other two passengers were seriously injured.

We conclude the trial court did not err in finding that defendant's automobile, under the circumstances surrounding its use in the present case, constituted a device which in its normal use is hazardous to the lives of more than one person. *Cf. State v. Carver, supra.*

The remaining question is whether defendant knowingly created this great risk of death.

Defendant's prior convictions for driving while impaired and his reckless operation of his automobile on the night in question, together with his factual misrepresentations, all support the conclusion defendant knowingly created this risk. However, apart from this overwhelming evidence, we hold any reasonable person should know that an automobile operated by a legally intoxicated driver is reasonably likely to cause death to any and all persons who may find

McCASKILL v. PENNSYLVANIA NATIONAL MUT. CAS. INS. CO.

[118 N.C. App. 320 (1995)]

themselves in the automobile's path. Therefore, we conclude the defendant created this risk knowingly.

No Error.

Judges JOHNSON and JOHN concur.