STATE OF NORTH CAROLINA v. BRIAN KEITH FULLER

No. COA99-400

(Filed 20 June 2000)

## 1. Homicide— second-degree murder—driving while impaired—malice—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss the two charges of second-degree murder based on substantial evidence revealing that defendant had malice of the type manifesting a mind utterly without regard for human life and social duty, because: (1) defendant operated his automobile with a high degree of alcohol in his blood and after numerous prior driving convictions including reckless driving, speeding and driving while license was revoked due to his habitual offender status; (2) during a 16.7 mile chase by a police officer, defendant ran both a stop sign and a red stoplight, passing stopped traffic at speeds of 90-95 miles per hour; and (3) both passengers in the truck defendant struck during the high speed chase died as a result of the collision.

## 2. Evidence— marijuana in purse—collision scene—guilt of another—irrelevancy

The trial court did not err in a second-degree murder case by excluding evidence of marijuana found in a purse at the scene of the automobile collision because: (1) evidence offered to show the guilt of someone other than the defendant must do more than create an inference in order to be relevant; (2) the bare fact that there was a purse containing marijuana at the scene of the collision indicates neither that one of the parties to the collision was under the influence of marijuana nor that defendant did not proximately cause the accident; and (3) admission of the purse, whose owner was not established, would have at most created a speculative inference that some other victim of the collision was carrying a purse containing marijuana, and not necessarily one of the other drivers.

## 3. Evidence— prior convictions—traffic violations

The trial court did not commit plain error in a second-degree murder case by admitting defendant's prior traffic convictions for the previous eight years because: (1) evidence of prior convictions is admissible under N.C.G.S. § 8C-1, Rule 404(b) to establish

the malice necessary to support a second-degree murder conviction; (2) defendant's driving violations are sufficiently proximate in time to the offenses charged in this case; and (3) defendant's driving record need not establish solely alcohol-related driving offenses to be admissible in this context under Rule 404(b).

**4. Criminal Law— limiting instruction—prior traffic violations**

The trial court did not err in a second-degree murder case by its jury instruction limiting the use of evidence of defendant's prior traffic violations under N.C.G.S. § 8C-1, Rule 404(b) because: (1) the trial court instructed the jury that the driving record was received for the limited purpose of establishing malice; and (2) the trial court later instructed the jury adequately on the issue of malice.

**5. Sentencing— second-degree murder—aggravating factor— knowingly created a great risk of death**

The trial court did not err in a second-degree murder case by finding as an aggravating sentencing factor that defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person under N.C.G.S. § 15A-1340.16(d)(8), because: (1) defendant's operation of a motor vehicle in this case did not constitute one of the elements of second-degree murder; (2) the use of the challenged aggravating factor within the context of motor vehicle collisions caused by legally intoxicated drivers is proper; and (3) a reasonable person should know that an automobile operated by a legally intoxicated driver is reasonably likely to cause death to any and all persons who may find themselves in the automobile's path.

Appeal by defendant from judgment entered 8 October 1998 by Judge Peter M. McHugh in Rockingham County Superior Court. Heard in the Court of Appeals 16 February 2000.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Danielle M. Carman for the defendant-appellant.*

LEWIS, Judge.

On 15 May 1997 defendant was involved in a motor vehicle collision. State Trooper Robert Gibson of the North Carolina State

Highway Patrol clocked defendant traveling 77 m.p.h. in a 55 m.p.h. zone. Trooper Gibson activated his siren and blue lights and attempted to pull defendant over. Defendant accelerated, and a 16.7-mile chase ensued whereby Trooper Gibson clocked defendant traveling at speeds of 90-95 m.p.h. After running a stop sign and a red stop light in order to pass stopped traffic, defendant approached the last intersection, traveling between 80 and 85 m.p.h., when he struck a truck containing two passengers. The truck was forced into oncoming traffic and was struck by a third automobile. Both passengers in the truck died as a result of the collision.

A blood test revealed defendant had an alcohol concentration of .15 grams of alcohol per 100 milliliters of blood. The evidence indicated that at the time of the collision defendant's license had been revoked due to his status as an habitual offender by the Virginia Department of Motor Vehicles. Defendant's prior driving record included numerous convictions occurring within the previous eight years.

Defendant was indicted for two counts of first-degree murder. On 8 October 1998, the jury convicted defendant on two counts of second-degree murder. Defendant was sentenced to consecutive sentences, each imposing a minimum prison term of 237 months. Defendant appeals from both convictions, making five arguments.

**[1]** Defendant first argues the trial court erred in denying his motion to dismiss the charges of second-degree murder. To withstand defendant's motion to dismiss, the State had to show substantial evidence as to each essential element of the crime. *State v. Workman*, 309 N.C. 594, 598, 308 S.E.2d 264, 267 (1983). The trial court must consider all the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor. *State v. Cox*, 303 N.C. 75, 87, 277 S.E.2d 376, 384 (1981).

Murder in the second degree is the "unlawful killing of a human being with malice but without premeditation and deliberation." *State v. Norris*, 303 N.C. 526, 529, 279 S.E.2d 570, 572 (1981). Although an intent to kill is not a necessary element of murder in the second degree, the crime does not exist in the absence of some intentional act sufficient to show malice. *State v. Snyder*, 311 N.C. 391, 393, 317 S.E.2d 394, 395 (1984). Defendant argues the State's evidence was insufficient to establish malice.

The element of malice may be established by at least three different types of proof: (1) "express hatred, ill-will or spite"; (2) commission of inherently dangerous acts in such a reckless and wanton manner as to "manifest a mind utterly without regard for human life and social duty and deliberately bent on mischief"; or (3) a "condition of mind which prompts a person to take the life of another intentionally without just cause, excuse, or justification." *State v. Reynolds*, 307 N.C. 184, 191, 297 S.E.2d 532, 536 (1982). The second type of malice, commonly referred to as "depraved-heart" malice, *see, e.g., State v. Rich*, No. 161PA99 (N.C. Sup. Ct. Apr. 7 2000), is applicable to this case.

Defendant argues several facts surrounding the collision indicate a lack of substantial evidence on the issue of malice. Defendant points to Trooper Gibson's continued pursuit during a dangerous, high-speed chase for a prolonged period of time, defendant's consent to the blood alcohol test, defendant's testimony that he consumed only several ounces of alcohol despite his blood alcohol content of .15, and the deceased driver's blood alcohol content of .17. In light of the other evidence in this case, however, we do not agree. While some of these facts may suggest defendant did not possess the type of malice requiring express hatred or ill-will, there was substantial evidence at trial to prove the type of malice manifesting a mind utterly without regard for human life and social duty.

Defendant here operated his automobile with a high degree of alcohol in his blood and after numerous prior driving convictions, including reckless driving, speeding and driving while his license was revoked due to his habitual offender status. During the 16.7-mile chase, defendant ran both a stop sign and a red stop light, passing stopped traffic at speeds of 90-95 m.p.h. Both passengers in the truck defendant struck died as a result of the collision. We conclude this conduct manifests a mind utterly without regard for human life and social duty, supporting a finding of malice sufficient for a conviction of second-degree murder. *See also State v. Snyder*, 311 N.C. 391, 317 S.E.2d 394 (1984); *State v. Grice*, 131 N.C. App. 48, 505 S.E.2d 166 (1998); *State v. McBride*, 109 N.C. App. 64, 425 S.E.2d 731 (1993). The charge of second-degree murder was properly submitted to the jury.

[2] Defendant next argues the trial court erroneously excluded evidence of marijuana found in a purse at the scene of the collision. The court excluded the evidence before trial, finding it in no way pro-

bative of any material issue in the action. Defendant contends this evidence was relevant since it raised an inference that one of the other drivers may have been impaired, which could have been the proximate cause of the victims' deaths, possibly eradicating defendant's culpability. We disagree.

Evidence offered to show the guilt of someone other than the defendant, to be relevant, must do more than create an inference; it must point directly to the guilt of the other party. *State v. Potts*, 334 N.C. 575, 585, 433 S.E.2d 736, 741 (1993). Facts and circumstances which raise only a conjecture or suspicion should be rejected as distracting or confusing to the jury. *Corum v. Comer*, 256 N.C. 252, 254, 123 S.E.2d 473, 475 (1962). Here, the bare fact that there was a purse containing marijuana at the scene of the collision indicates neither that one of the parties to the collision was under the influence of marijuana nor that defendant did not proximately cause the accident. Admission of the purse, whose owner was not established, would have at most created a speculative inference that some other victim of the collision was carrying a purse containing marijuana, not necessarily one of the other drivers. Accordingly, this evidence, raising a mere conjecture, was properly excluded.

[3] In his next assignment of error, defendant contends the trial court erred in admitting his prior traffic convictions because they occurred as much as eight years before the date of the collision and lacked similarity to the offenses charged. Defendant admits, however, the evidence complained of was not objected to at trial. Because the question of admissibility of this evidence was not preserved for appeal, we may review it only for plain error. To constitute plain error, an instructional error must have "had a probable impact on the jury's finding that the defendant was guilty." *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). Defendant, therefore, "must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).

Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C.R. Evid. 404(b). This list of permissible purposes in Rule 404(b) for admission of "other crimes" evidence is not exclusive; rather, such evidence is "admissible as long as it is relevant to any fact or issue other than the defendant's propensity to commit the crime." *State v. White*, 340 N.C. 264, 284, 457 S.E.2d 841, 852-53, *cert. denied*, 516 U.S. 994, 133 L. Ed. 2d 436 (1995). This Court has repeatedly held that evidence of prior convictions is admissible under Rule 404(b) to establish the malice necessary to support a second-degree murder conviction. *Rich*, No. 161PA99 (N.C. Sup. Ct. Apr. 7 2000); *State v. Grice*, 131 N.C. App. 48, 505 S.E.2d 166 (1998). When the State offers such evidence, not to show defendant's propensity to commit the crime, but to show the required mental state for a conviction of second-degree murder, admission of such evidence is not error. *State v. Byers*, 105 N.C. App. 377, 382, 413 S.E.2d 586, 589 (1992).

Defendant's driving record in this case revealed traffic convictions from the previous eight years, including reckless driving in 1989, operating an uninsured motor vehicle in 1992, speeding 10-19 miles above the speed limit in 1993, failure to carry a license and registration in 1993, operating a vehicle with signs or decals on the windshield in 1994, safety belt violation in 1994, driving while license was suspended or revoked twice in 1994 and once in 1995, and passing on the crest of a hill in 1995. Furthermore, the Virginia Department of Motor Vehicles determined defendant to be an habitual offender in 1996. Defendant's driving offenses from eight to two years past are sufficiently proximate in time to the offenses charged here. *Grice*, 131 N.C. App. at 53, 505 S.E.2d at 169 (driving convictions from ten years prior to collision admissible under 404(b)); *Rich*, No. 161PA99 (N.C. Sup. Ct. Apr. 7 2000) (driving convictions from eight years prior to collision admissible under 404(b)). Furthermore, defendant's driving record need not establish solely alcohol-related driving offenses to be admissible in this context under Rule 404(b). *McBride*, 109 N.C. App. at 68, 425 S.E.2d at 734 (admitting prior convictions for driving while license was permanently revoked and using false tags to obtain an inspection sticker); *Rich*, No. 161PA99 (N.C. Sup. Ct. Apr. 7 2000) (admitting prior convictions for speeding). We conclude the court did not err in admitting defendant's driving offenses; we find no plain error.

[4] Defendant also argues the trial court erred by failing to give a proper jury instruction limiting the use of evidence of defendant's prior traffic violations under Rule 404(b). The trial court here instructed the jury that "the status of an individual's driving record

under certain circumstances may be considered by the jury as evidence of malice, and for that reason [defendant's driving record] is received for the limited purpose of establishing that driving record and may be considered by you only for that purpose." (Tr. at 116.) Defendant contends the court's instruction was incomplete since it failed to provide guidance as to why evidence of defendant's driving status was relevant to the issue of malice in this case. However, the trial court later instructed the jury adequately on the issue of malice. All considered, we find the court's limiting instruction sufficiently descriptive of the purpose for which this evidence could be considered. *See, e.g.*, *State v. Bostic*, 121 N.C. App. 90, 103, 465 S.E.2d 20, 27 (1995). We find no error.

**[5]** In his next two assignments of error, defendant contends the trial court erred by finding as an aggravating sentencing factor that defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person. N.C. Gen. Stat. § 15A-1340.16(d)(8) (1999). Defendant first argues the trial court erred in applying this aggravating factor because it constitutes an element of the offense for which defendant was convicted, and contrary to N.C. Gen. Stat. § 15A-1340.16(d)(8), allowed evidence necessary to prove an element of the offense to be used to prove a factor in aggravation. We disagree.

The court in *State v. Ballard*, 127 N.C. App. 316, 489 S.E.2d 454 (1997), addressed this specific issue within the context of the operation of an automobile by a legally intoxicated driver. Like the defendant here, the defendant in *Ballard* was convicted of second-degree murder resulting from a collision in which defendant was operating a motor vehicle with a blood alcohol level of .18. The trial court in that case used the same aggravating factor to impose a sentence greater than the presumptive range. In *Ballard*, we stated:

"Malice arises when an act which is done so recklessly and wantonly as to manifest a mind utterly without regard to human life and social duty, and deliberately bent upon mischief." Thus, it is the reckless and wanton nature of the act committed which leads to the inference of malice. On the other hand, it is the use of a device, normally hazardous to the lives of more than one person, to create a risk of death to more than one person which supports the aggravating factor at issue. Therefore, we hold that the defendant's operation of the motor vehicle did not constitute one of the elements of second degree murder.

*Id.* at 323, 489 S.E.2d at 458-59. In accordance with *Ballard,* we conclude defendant's operation of the motor vehicle in this case did not constitute one of the elements of second degree murder.

Defendant also argues the State's evidence was insufficient to support a finding as to this aggravating factor. Our Supreme Court has established that in order to apply this aggravating factor, the trial court must focus on two considerations: "(1) whether the weapon or device in its normal use is hazardous to the lives of more than one person; and (2) whether a great risk of death was knowingly created." *State v. Rose,* 327 N.C. 599, 605, 398 S.E.2d 314, 317 (1990).

Defendant contends the automobile he was driving does not qualify as a weapon or device which in its normal use is hazardous to the lives of more than one person. We disagree. It is well-settled that the use of the challenged aggravating factor within the context of motor vehicle collisions caused by legally intoxicated drivers is proper. *State v. McBride,* 118 N.C. App. 316, 319, 454 S.E.2d 840, 842 (1995); *State v. Garcia-Lorenzo,* 110 N.C. App. 319, 430 S.E.2d 290 (1993). We conclude the trial court did not err in finding defendant's automobile, under the circumstances surrounding its use in the present case, constituted a device which in its normal use is hazardous to the lives of more than one person.

Defendant also contends he did not knowingly create a great risk of death. Again, we disagree. This Court has established "any reasonable person should know that an automobile operated by a legally intoxicated driver is reasonably likely to cause death to any and all persons who may find themselves in the automobile's path." *McBride,* 118 N.C. App. at 319-20, 454 S.E.2d at 842. We conclude defendant created this great risk of death knowingly.

No error.

Judges JOHN and EDMUNDS concur.