STATE OF NORTH CAROLINA v. RANDY LEE SELLARS

No. 547A05-2

(Filed 20 March 2009)

**1. Sentencing— aggravating factors—insanity—independent determinations**

A jury's determination that a defendant is not insane does not resolve the presence or absence of the statutory aggravating factor of use of a weapon hazardous to the lives of more than one person. Nor does it automatically render any *Blakely* error harmless. While evidence relevant to an insanity defense and this aggravating factor might overlap, the determinations are independent and neither controls the other.

**2. Sentencing— aggravating factors—use of weapon hazardous to more than one person—*Blakely* error—harmlessness**

The evidence that defendant knowingly set out to use a weapon in a manner that created a risk of death to more than one person was overwhelming where defendant used a semiautomatic firearm and fired multiple shots at three police officers, and acknowledged that he planned to fire the weapon in the hope of drawing return fire and ending his suffering. Therefore, the trial court's finding of this aggravating factor was harmless beyond a reasonable doubt.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 191 N.C. App. ——, 664 S.E.2d 45 (2008), which, upon defendant's appeal from judgments entered on 25 September 2003 by Judge James C. Spencer, Jr. in Superior Court, Alamance County, and upon being ordered by this Court to reconsider its decision remanding the case to the trial court for resentencing in light of *State v. Blackwell*, 361 N.C. 41, 638 S.E.2d 452 (2006), *cert. denied*, 550 U.S. 948, 167 L. Ed. 2d 1114 (2007), found no error in the judgments. Heard in the Supreme Court 24 February 2009.

*Roy Cooper, Attorney General, by Daniel P. O'Brien, Assistant Attorney General, for the State.*

*Jarvis John Edgerton, IV for defendant-appellant.*

STATE v. SELLARS

[363 N.C. 112 (2009)]

PER CURIAM.

[1] We affirm the decision of the Court of Appeals that found no error in defendant's trial and sentence. However, we reject the implication in that decision that a jury's determination that a defendant is not insane resolves the presence or absence of the statutory aggravating factor: "The defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person." N.C.G.S. § 15A-1340.16 (d)(8) (2007). It does not. Nor does a jury's finding that a defendant is not insane automatically render any *Blakley* error on this aggravating factor harmless beyond a reasonable doubt pursuant to *State v. Blackwell*, 361 N.C. 41, *passim*, 638 S.E.2d 452, *passim*, (discussing application of *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004)). While evidence relevant to an insanity defense and the section 15A-1340.16(d)(8) aggravating factor might overlap, the determinations are independent and neither controls the other.

[2] This aggravating factor may be imposed when the evidence shows that the defendant's weapon "in its normal use is hazardous to the lives of more than one person" and that "a great risk of death was knowingly created." *State v. Rose*, 327 N.C. 599, 605, 398 S.E.2d 314, 317 (1990) (citing *State v. Carver*, 319 N.C. 665, 356 S.E.2d 349 (1987)). Here, the evidence that defendant knowingly set out to use a weapon in a manner that created a great risk of death to more than one person was overwhelming. Defendant's admitted use of a semi-automatic firearm satisfies the first part of this analysis. *State v. Bruton*, 344 N.C. 381, 393, 474 S.E.2d 336, 345 (1996) (citing *Carver*, 319 N.C. at 667-68, 356 S.E.2d at 351). As to the second prong, which requires that defendant have acted knowingly, defendant fired multiple shots at three police officers who confronted him in the public parking lot of a convenience store and returned fire. At his 2003 resentencing hearing, defendant acknowledged that he planned to fire the weapon into the air at the convenience store because a police substation was located nearby. Defendant stated that he hoped to draw return fire from officers to "take [him] out" and end his suffering. Based on the evidence presented, we conclude that the trial court's finding of this aggravating factor was harmless beyond a reasonable doubt.

MODIFIED AND AFFIRMED.