ARROWOOD, Judge.
 

 *148
 
 Darian Jarelle Mosley ("defendant") appeals from judgment entered upon his conviction for second degree murder. For the following reasons, we vacate and remand to the trial court for resentencing.
 

 *149
 
 I.
 
 Background
 

 On 20 May 2013, a McDowell County Grand Jury indicted defendant on one charge of first degree murder. The case was called for a jury trial in McDowell County Superior Court on 16 May 2016, the Honorable R. Gregory Horne, Judge, presiding.
 

 The evidence presented at trial tended to show the following facts: Defendant and the victim were in a relationship. In the early morning hours of 16 April 2013, defendant and the victim had an argument, during the course of which the victim was fatally shot in the abdomen by a .22 rifle held by defendant.
 

 Defendant did not deny that he shot the victim, but stated it was an accident. Defendant testified that he left the victim's residence following the initial dispute, but returned shortly thereafter to gather his belongings, specifically his clothes and his rifle. Defendant testified that as he was leaving with his belongings, he stopped in the bedroom doorway to talk to the victim, who was in the bedroom. Defendant had a plastic bag of clothes in his right hand and the rifle in his left hand with his finger around the trigger. Defendant also testified that "[the victim] reached towards the gun, and [he] took it away from her, and that's when the gun went off."
 

 On cross-examination, defendant further testified that the victim wanted him to put this belongings down and as he pushed the victim away, she grabbed the barrel of the rifle and it went off. Defendant knew how to fire the rifle, but never had any safety training. Defendant stated that he always carried the rifle around with his finger on the trigger and that he never used the safety. Defendant also testified he did not know the rifle was loaded.
 

 At the conclusion of the evidence, the trial court instructed the jury on first degree murder and the lesser included offenses of second degree murder, voluntary manslaughter, and involuntary manslaughter in accordance with N.C.P.I-Crim. 206.13, the pattern instruction for first degree murder where a deadly weapon is used, not involving self-defense, covering all lesser included homicide offenses. Included in the instructions for first degree murder, the trial court instructed the jury on the definitions of express malice and deadly weapon implied malice. The trial court did not give the additional
 
 *367
 
 definition of malice included in N.C.P.I-Crim. 206.30A when it instructed on second degree murder, only stating that malice was required. On 24 May 2016, the jury returned a general verdict finding defendant guilty of second degree murder. The trial judge entered judgment sentencing defendant to 240 to 300 months
 
 *150
 
 imprisonment for second degree murder, a term within the presumptive range of punishment for a Class B1 felony. Defendant gave notice of appeal in open court.
 

 II.
 
 Discussion
 

 On appeal, defendant argues the trial court erred in sentencing him for second degree murder as a Class B1 offense because "[t]he jury's verdict of second-degree murder failed to support the trial court's imposition of a Class B1 sentence and supported only a sentence for a Class B2 offense." Thus, defendant asserts this Court must remand for resentencing. Alternatively, defendant argues that if this Court denies relief under his first argument, this Court should order a new trial because the trial court plainly erred in omitting an "inherently dangerous acts" definition of malice from the second degree murder instructions. We reach only the first issue on appeal, which is similar to an issue recently addressed by this Court in
 
 State v. Lail
 
 , --- N.C. App. ----,
 
 795 S.E.2d 401
 
 (2016),
 
 disc. review denied
 
 ,
 
 369 N.C. 254
 
 ,
 
 796 S.E.2d 927
 
 (2017).
 
 [1]
 
 "We review
 
 de novo
 
 whether the sentence imposed was authorized by the jury's verdict."
 
 Id
 
 . at ---,
 
 795 S.E.2d at 408
 
 .
 

 In
 
 Lail
 
 , the defendant appealed from a judgment sentencing him as a B1 felon for second degree murder. Specifically,
 

 [the d]efendant conted[ed] the trial court improperly sentenced him as a B1 felon based on the jury's general verdict, since the evidence presented may have supported a finding that he acted with depraved-heart malice. Therefore, [the] defendant argue[d], the jury's verdict failing to specify whether depraved-heart malice theory supported its conviction did not authorize the trial judge to sentence him as a B1 felon but requires that he be resentenced as a B2 felon.
 

 Id
 
 . at ---,
 
 795 S.E.2d at 408
 
 . Before addressing the defendant's argument, this Court explained the relevant law on malice as it relates to second degree murder as follows:
 

 Malice is an essential element of second-degree murder.
 
 See, e.g.,
 

 State v. Thomas
 
 ,
 
 325 N.C. 583
 
 , 604,
 
 386 S.E.2d 555
 
 , 567 (1989). North Carolina recognizes at least three malice theories:
 

 *151
 
 (1) "express hatred, ill-will or spite"; (2) commission of inherently dangerous acts in such a reckless and wanton manner as to "manifest a mind utterly without regard for human life and social duty and deliberately bent on mischief"; or (3) a "condition of mind which prompts a person to take the life of another intentionally without just cause, excuse, or justification."
 

 State v. Coble
 
 ,
 
 351 N.C. 448
 
 , 450-51,
 
 527 S.E.2d 45
 
 , 47 (2000) (quoting
 
 State v. Reynolds
 
 ,
 
 307 N.C. 184
 
 , 191,
 
 297 S.E.2d 532
 
 , 536 (1982) ). "The second type of malice [is] commonly referred to as 'depraved-heart' malice[.]"
 
 State v. Fuller
 
 ,
 
 138 N.C. App. 481
 
 , 484,
 
 531 S.E.2d 861
 
 , 864 (2000) (citing
 
 State v. Rich
 
 ,
 
 351 N.C. 386
 
 ,
 
 527 S.E.2d 299
 
 (2000) ).
 

 Id
 
 . at ---,
 
 795 S.E.2d at 407
 
 . The Court further explained that while "depraved-heart malice" had been frequently used to support second degree murder convictions in drunk driving cases, it was not limited to such situations.
 
 Id
 
 . at ---,
 
 795 S.E.2d at 407
 
 .
 

 Prior to 2012, all second degree murders were classified as Class B2 felonies. In 2012, our General Assembly amended
 
 N.C. Gen. Stat. § 14-17
 
 to classify all second degree murders as Class B1 felonies except for in two specific exceptions, in which second degree murder remains a Class B2 felony.
 
 See
 
 2012 N.C. Sess. Laws ch. 165, § 1. The exception at issue here is found in
 
 N.C. Gen. Stat. § 14-17
 
 (b)(1), which states:
 

 The malice necessary to prove second degree murder is based on an inherently dangerous act or omission, done in such a
 
 *368
 
 reckless and wanton manner as to manifest a mind utterly without regard for human life and social duty and deliberately bent on mischief.
 

 N.C. Gen. Stat. § 14-17
 
 (b)(1) (2015). This exception is the previous common law definition of depraved-heart malice.
 
 See
 

 Coble
 
 , 351 N.C. at 450-51,
 
 527 S.E.2d at 47
 
 .
 

 In
 
 Lail
 

 ,
 
 the Court rejected the defendant's contention finding that
 

 [n]o evidence presented would have supported a finding that [the] defendant acted with B2 depraved-heart malice. The evidence presented supported only B1 theories of malice and the jury was instructed only on those theories. Therefore, although the jury was not instructed to answer under what malice theory it convicted defendant of
 
 *152
 
 second-degree murder, it [was] readily apparent from the evidence presented and instructions given that the jury, by their verdict, found defendant guilty of B1 second-degree murder.
 

 --- N.C. App. at ----,
 
 795 S.E.2d at 410
 
 . Pertinent to this case, however, this Court noted that
 

 a general verdict would be ambiguous for sentencing purposes where the jury is charged on second-degree murder and presented with evidence that may allow them to find that either B2 depraved-heart malice or another B1 malice theory existed. In such a situation, courts cannot speculate as to which malice theory the jury used to support its conviction of second-degree murder.
 
 See
 

 State v. Goodman
 
 ,
 
 298 N.C. 1
 
 , 16,
 
 257 S.E.2d 569
 
 , 580 (1979) ("If the jury's verdict were general, not specifying the theory upon which guilt was found, the court would have no way of knowing what theory the jury used and would not have proper basis for passing judgment.").
 

 Id
 
 . at ---,
 
 795 S.E.2d at 411
 
 .
 

 In the present case, the jury unanimously convicted defendant of second degree murder. The jury verdict, however, was silent on whether the second degree murder was a Class B1 or a Class B2 offense. Defendant's first argument on appeal is that the jury's general verdict of guilty of second degree murder is ambiguous for sentencing purposes because there was evidence in this case of depraved-heart malice to support a verdict of guilty of a Class B2 second degree murder. We agree.
 

 As this Court made clear in
 
 Lail
 
 , our Supreme Court has held that "the reckless use of a deadly weapon constituted a depraved-heart malice theory supporting a murder conviction."
 
 Id
 
 . at ----,
 
 795 S.E.2d at
 
 409 (citing
 
 State v. Lilliston
 
 ,
 
 141 N.C. 857
 
 , 859,
 
 54 S.E. 427
 
 , 427 (1906) (upholding murder conviction under depraved-heart malice theory where the defendant in the crowded reception room of a railroad station engaged in a shootout, causing the death of an innocent bystander)).
 

 In the case
 
 sub judice
 
 , unlike in
 
 Lail
 
 , there was evidence of defendant's reckless use of a rifle, a deadly weapon. Specifically, defendant testified that as he was arguing with the victim, he was holding the rifle with his finger on the trigger and without the safety on. Defendant stated this was how he always handled the rifle-finger on the trigger and no safety. Defendant testified that in this instance, the gun
 
 *153
 
 went off when the victim grabbed the barrel of the rifle and he pushed her away. There was also testimony about the safety on the rifle and testimony from a firearm expert that "[y]ou would never teach anyone to have their finger on the trigger until they are ready to fire." Moreover, the State argued to the jury that defendant's actions amounted to more than criminal negligence, claiming that defendant's handling of the rifle amounted to "gross recklessness or carelessness as to amount to the heedless indifference to the safety and rights of others."
 

 In response to defendant's argument that the evidence supported a depraved-heart theory of malice and a Class B2 second degree murder, the State points to other evidence presented in the case from which the State claims the trial judge could have correctly concluded that the Class B1 felony sentence was proper. That evidence, however, is not in question. There is no doubt that there is evidence of malice supporting a Class B1 second degree murder. The issue presently before this Court is whether there is also evidence from which the jury could have found depraved-heart malice to convict defendant
 
 *369
 
 of a Class B2 second degree murder. We hold there is such evidence in this case.
 

 Because there was evidence presented which would have supported a verdict on second degree murder on more than one theory of malice, and because those theories support different levels of punishment under
 
 N.C. Gen. Stat. § 14-17
 
 (b), the verdict rendered in this case was ambiguous. When a verdict is ambiguous, neither we nor the trial court is free to speculate as to the basis of a jury's verdict, and the verdict should be construed in favor of the defendant.
 
 State v. Whittington
 
 ,
 
 318 N.C. 114
 
 , 123,
 
 347 S.E.2d 403
 
 , 408 (1986) ;
 
 see also
 

 State v. Williams
 
 ,
 
 235 N.C. 429
 
 , 430,
 
 70 S.E.2d 1
 
 , 2 (1952) ("Any ambiguity in a verdict will be construed in favor of the defendant."). Given the ambiguity in the second degree murder verdict in this case, we vacate defendant's sentence and remand the matter for resentencing for second degree murder as a Class B2 felony offense.
 

 In order to avoid such ambiguity in the future, we recommend two actions. First, the second degree murder instructions contained as a lesser included offense in N.C.P.I.-Crim. 206.13 should be expanded to explain all the theories of malice that can support a verdict of second degree murder, as set forth in N.C.P.I.-Crim. 206.30A. Secondly, when there is evidence to support more than one theory of malice for second degree murder, the trial court should present a special verdict form that requires the jury to specify the theory of malice found to support a second degree murder conviction.
 

 *154
 
 III.
 
 Conclusion
 

 For the reasons discussed above, we hold the trial court erred in sentencing defendant for second degree murder as a Class B1 offense. Thus, we vacate the judgment and remand the matter for resentencing for second degree murder as a Class B2 felony offense.
 

 VACATED AND REMANDED.
 

 Judges HUNTER, JR., and DILLON concur.
 

 [1]
 

 We note that this Court issued its opinion in
 
 Lail
 
 after the trial court entered judgment in the present case. Thus, the trial court did not have the benefit of
 
 Lail's
 
 guidance.